# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

PALLADIAN PARTNERS V, LLC and
PALLADIAN PARTNERS IV, LLC,

Plaintiffs,

vs.                                                                    No: 2:17-cv-02887-MSN-cgc

REGIONS BANK, UNITED STATES, and
RICHARD K. RICE,

    Defendants.

## JUDGMENT

Upon review of the Joint Stipulation (ECF No. 40), Order Granting Motion for Default Judgment (ECF No. 27), and the entire record in this matter, the Court finds and orders as follows:

1. Plaintiffs filed an Interpleader Complaint (and Amended Interpleader Complaint) in order to adjudicate the parties' relevant interest(s) and/or claims to Mr. Rice's membership interests in both Palladian Partners IV, LLC and Palladian Partners V, LLC and related discretionary distributions dated December 5, 2017 and March 5, 2018 (the "Interpleaded Funds").

2. Plaintiffs obtained service on all parties.

3. Richard Rice was admitted as a member of Palladian Partners IV, LLC on or about September 30, 2004. The Limited Liability Company Agreement of Palladian Partners IV, LLC explicitly prohibits any member from selling, exchanging, hypothecating, encumbering, transferring or otherwise assigning, in whole or in part, any company interest of a member except as otherwise provided in the agreement. *See* Compl. Exh. F, §10.1.

4. Pursuant to Section 10.2 of the Limited Liability Company Agreement of Palladian Partners IV, LLC, "a [m]ember may assign, pledge, hypothecate or otherwise encumber (hereafter "assign") all or a portion of his [c]ompany [i]nterest only upon the prior written consent of the [m]anager, which consent may be withheld in its sole discretion." *See* Compl. Exh. F, §10.1.

5. Richard Rice was admitted as a member of Palladian Partners V, LLC on or about December 1, 2006. The Limited Liability Company Agreement of Palladian Partners V, LLC explicitly prohibits any member from selling, exchanging, hypothecating, encumbering, transferring or otherwise assigning, in whole or in part, any company interest of a member except as otherwise provided in the agreement. *See* Compl. Exh. A, §10.1.

6. Pursuant to Section 10.2 of the Limited Liability Company Agreement of Palladian Partners V, LLC, "a [m]ember may assign, pledge, hypothecate or otherwise encumber (hereafter "assign") all or a portion of his [c]ompany [i]nterest only upon the prior written consent of the [m]anager, which consent may be withheld in its sole discretion." *See* Compl. Exh. A, §10.1.

7. On or about November 20, 2017, Palladian Partners V, LLC received a Notice of Levy from the Department of the Treasury-Internal Revenue Service (through L. Brown, 801 Tom Martin Drive, Birmingham, AL 35211-6426) claiming a lien in excess of $1,400,000. *See* Compl. Exh. D. The Notice of Levy purports to require Palladian Partners V, LLC to turn over any property and rights to property Palladian Partners V, LLC has or which Palladian Partners V, LLC is obligated to pay to Mr. Rice. On or about May 8, 2018, Palladian Partners V, LLC received another Notice of Levy from the Department of the Treasury-Internal Revenue Service (through Ranesha L Turnage, 22 N Front Street, Ste 421, Memphis, TN 38103-2162) claiming a lien in excess of $1,400,000. *See* Compl. Exh. E. The Notice of Levy purports to require Palladian Partners V, LLC to turn over any property and rights to property Palladian Partners V, LLC has or

which Palladian Partners V, LLC is obligated to pay to Mr. Rice.

8. On or about May 21, 2018, Palladian Partners IV, LLC received a Notice of Levy from the Department of the Treasury-Internal Revenue Service (through Ranesha L Turnage, 22 N Front Street, Ste 421, Memphis, TN 38103-2162) claiming a lien in excess of $1,400,000. The Notice of Levy purports to require Palladian Partners IV, LLC to turn over any property and rights to property Palladian Partners IV, LLC has or which Palladian Partners IV, LLC is obligated to pay to Mr. Rice.

9. On June 26, 2017, the Internal Revenue Service assessed trust fund recovery penalties against Mr. Rice under 26 U.S.C. § 6672 for the tax periods ending on June 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, and December 31, 2015. As reflected in the Levies, the Department of the Treasury-Internal Revenue Service claims an interest in the interpleaded funds by and through federal tax assessments made against Mr. Rice. These assessments gave rise to federal tax liens by operation of law. The liens were recorded via the Notices of Federal Tax Lien (the "Federal Tax Lien") in Jefferson County, Alabama on or about October 31, 2017 as recording number 2017113055.

10. Regions Bank claimed an interest in the interpleaded funds by and through pledges executed by Mr. Rice of all of his right, title and interest in Palladian Partners IV, LLC and Palladian Partners V, LLC, and the relevant Consent to Pledge Membership Interest and related amendment to the Consent to Pledge Membership Interest for each. *See* Comp. Exh. B, C, G, and H.

11. After further investigation and discussions with the parties to this action, Defendant Regions Bank, affirmatively released any and all claims, rights, or entitlements it has, or might have, in the interpleaded funds.

**IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED AS FOLLOWS:**

A.  Separate Defendant Richard K. Rice does not have an interest in the Interpleaded Funds (ECF No. 27);

B.  Separate Defendant Regions Bank waived any interest it may have in the interpleaded funds;

C.  To the extent Palladian Partners IV, LLC or Palladian Partners V, LLC announces any future distribution(s), and the Internal Revenue Service issues a Notice of Levy and serves the relevant Palladian Partners entity with the Notice of Levy prior to disbursement of Mr. Rice's share of the distribution, the United States shall have a claim to Mr. Rice's share of the distribution.

D.  If Regions and the United States both assert a claim to Mr. Rice's share of a future distribution, the parties agree that the United States shall be entitled to Mr. Rice's share, provided that its claim is based upon the trust fund recovery penalties assessed against Mr. Rice on June 26, 2017, and the Department of the Treasury-Internal Revenue Service issues (and serves) the relevant Palladian Partners entity with a timely Notice of Levy prior to disbursement of Mr. Rice's share of the distribution.

E.  Palladian Partners IV, LLC and Palladian Partners V, LLC aver each respective existing Consent to Pledge of Membership Interest and related amendment to the Consent to Pledge of Membership Interest are satisfied; therefore, nothing in this agreement shall be construed to give Regions Bank any greater rights than it currently has.

F.  If the relevant Palladian Partners entity is not served with any Notice of Levy from the United States prior to disbursing Mr. Rice's share of any discretionary distribution, the relevant Palladian Partners entity is entitled to disburse Mr. Rice's share of the discretionary distribution to the party it deems proper without any liability to the United States under 26 U.S.C. § 6332(d).  In

order to ensure timely receipt of any Notice of Levy from the United States, the relevant Palladian Partners entity may hold Mr. Rice's share of any discretionary distribution for up to 30 days beyond the announced distribution date prior to disbursing Mr. Rice's share of the actual distribution.  For purposes of this agreement, funds will be considered disbursed as follows: i) if the disbursement is via a physical check or bank draft, at the time the physical check or bank draft is sealed in an envelope for mailing or other delivery or ii) if the disbursement is via a wire transfer or other electronic means, when the disbursement is submitted to the bank for processing.

G. The provisions set forth in paragraphs C-D, and F shall only apply when the relevant Palladian Partners entity makes a distribution in the regular course of business.  These provisions shall not apply in any other instance, including, but not limited to, bankruptcy or foreclosure proceedings.

H. Within thirty (30) days after entry of a final order, Palladian Partners V, LLC shall distribute $59,434.19 to the Department of the Treasury-Internal Revenue Service for payment of the December 5, 2017 discretionary distribution.

I. Within thirty (30) days after entry of a final order, Palladian Partners IV, LLC shall distribute $36,000 to the Department of the Treasury-Internal Revenue Service for payment of the March 5, 2018 discretionary distribution.

J. Palladian Partners V, LLC and Palladian Partners IV, LLC are discharged from any further liability relating to the Interpleaded Funds and the Defendants.

K. Pursuant to Federal Rule of Civil Procedure 22, it was reasonable and necessary for Palladian Partners IV, LLC and Palladian Partners V, LLC to bring this action in order to adjudicate the respective rights to the discretionary distributions (and to the extent there are future discretionary distribution(s), any future discretionary distribution(s)).  Palladian Partners V, LLC

and Palladian Partners IV, LLC are entitled to recover costs incurred in bringing this action which total $565.81 which shall be deducted from the Interpleaded Funds.

    **IT IS SO ORDERED** on this 21st day of March 2019.

*s/ Mark S. Norris*  
HONORABLE MARK S. NORRIS  
UNITED STATES DISTRICT JUDGE
